IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
OSCEOLA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 10 CA 1366 CI

ANDRES GONZALEZ and
LORENA VENERIO,

FLORIDA BAR NO.: 127612

    Plaintiffs,

v.

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

due 3/29 mcs

## COMPLAINT

**COME NOW**, the Plaintiffs, **ANDRES GONZALEZ** and **LORENA VENERIO**, by and through undersigned counsel, and hereby sue the Defendant, **METROPOLITAN CASUALTY INSURANCE COMPANY** (hereinafter referred to as "METROPOLITAN CASUALTY"), and in support thereof allege as follows:

1. This is an action for an amount in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of attorney's fees, costs, and interest.

2. At all times material hereto, the Plaintiffs, ANDRES GONZALEZ and LORENA VENERIO, were and are residents of Osceola County, Florida and *sui juris*.

3. At all times material hereto, the Defendant, METROPOLITAN CASUALTY, was and is an insurance company authorized to and does write homeowners insurance policies within the State of Florida, and specifically within Osceola County, Florida.


EXHIBIT A

4. At all times material hereto, the Plaintiffs were the owners of the residential property located at 602 Jura Lane, Kissimmee, Osceola County, Florida.

5. That at all times material hereto, the subject property was insured under a policy of insurance issued by the Defendant to Plaintiffs; specifically policy number: 142780971-0. (A copy of the policy is not attached hereto, but the Defendant has it within it's possession).

6. At all times material hereto, the policy of insurance was in full force and effect.

7. The policy of insurance provides, in pertinent part, that the Defendant, METROPOLITAN CASUALTY, provides coverage for property damage, including contents, rendered to Plaintiffs' subject property that are the result of an accident, whether natural in cause or not, and said policy is required to comply with the provisions of Florida Law.

8. That on or about January 5, 2009, the Plaintiffs' property was damaged directly and/or indirectly by water due to a broken pipe.

9. That as a result thereof, Plaintiffs' sustained damages to the property that required reasonable, related and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures.

10. That the Plaintiffs did forthwith give timely notice to Defendant of such loss, and did thereafter deliver to the Defendant, METROPOLITAN CASUALTY, a full and particular account of the Plaintiffs' expenses and losses as a result of the said accident.

11. The Defendant has failed to establish that it had reasonable proof that it was not responsible for the payment of Plaintiffs' damages and/or loss, and has failed to pay

the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance, in breach of Plaintiffs' contract with **METROPOLITAN CASUALTY**.

12. The Plaintiffs have complied with all conditions precedent to bringing the instant cause, and/or all such conditions have been waived by the Defendant.

13. That the Defendant's conduct has caused the Plaintiffs to retain the services of the undersigned counsel to represent them in this action, and Plaintiffs are entitled to attorney fees and costs under Sections 627.428, Florida Statutes.

**WHEREFORE**, the Plaintiffs, ANDRES GONZALEZ and LORENA VENERIO, demand judgment against the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, for damages, interest, attorney's fees, costs, and any other such relief that this Honorable Court deems just and proper.

**DEMAND** is hereby made for trial by jury of all issues so triable, as a matter of right.

DATED this 30 day of November, 2009.

Thomas J. Morgan, Jr., Esquire
**MORGAN LAW GROUP, P.A.**
Attorneys for Plaintiffs
3850 Bird Road, Suite 903
Coral Gables, Florida 33146
Phone: (305) 569-9900
Fax   : (305) 446-6828

By: _____
Thomas J. Morgan, Jr.

/tm